# IN THE COURT OF APPEALS OF IOWA

No. 23-1477
Filed November 21, 2023

**IN THE INTEREST OF A.V.,**
**Minor Child,**

**W.V., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Bryan J. Tingle, Des Moines, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Elizabeth Hadwiger, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Tabor, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

A father appeals the termination of his parental rights to his child—born in 2018—under Iowa Code section 232.116(1)(d), (f), and (g) (2023).[1] He argues the State failed to prove the statutory grounds for termination by clear and convincing evidence.[2]

Our review is de novo. *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

A de novo review of the record discloses the following pertinent facts. The child was removed from parental custody in April 2022. While the main issue at that time was the mother's alcohol abuse, recent bouts of domestic violence between the parents with the father as the aggressor were also a concern. The father was no stranger to the Iowa Department of Health and Human Services when the child was removed. He has an extensive history of assaultive and abusive behavior including domestic violence against significant others as well

---

[1] The mother's rights were not terminated. Permanency as it relates to the mother was continued, apparently because her attorney was "recovering from a serious medical emergency."

[2] In passing, the father also states "the juvenile court clearly erred by determining that the State had provided reasonable efforts to reunify [the child] with [him]." Beyond that, the father offers no further argument. Because the father does not supply a freestanding substantive argument on this issue, we deem it waived. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."); *see also* Iowa R. App. P. 6.903(2)(g)(3).

as physical and emotional abuse of his own children and others.[3]  The father has had his parental rights terminated to five other children due to those issues.[4]

Over the last three decades, the father has amassed various charges for disorderly conduct, assault of various levels, harassment, child endangerment, and other crimes.  This included a conviction for domestic abuse assault against the mother in the year before removal.  The father completed the Iowa Domestic Abuse Program as a condition of his probation for that conviction.  Despite the completion of that program, his aggressive behavior toward the mother continued, both before and after removal.  The father's behavior ultimately resulted in the juvenile court entering a no-contact order between the parents in October 2022.  In December, the father was arrested for assaulting his aunt.  The child has verbalized her fear of the father as a result of witnessing him abuse the mother.

Despite the father's significant history of assaultive behavior and his participation in SafeCare and Caring Dads during this proceeding, the father has never meaningfully taken accountability for his actions and, as a result, has no insight into the effects of his abusive behaviors.  The father did attend seven or

---

[3] Past founded allegations of abuse against the father are disturbing.  Some of the more disturbing incidents involved the father shoving a fork down a child's throat, beating a child with a vacuum hose leaving welts, dragging a child across the room by her hair, physically beating children about the face, cutting a child's finger with a knife and threatening to cut the finger clean off, beating children with a belt buckle, dunking a child's head into a feces-filled toilet and prying her mouth open so feces would go in her mouth, making one child eat jalapeno peppers as punishment, making one child watch another child eat vomit, placing a plastic bag over a child's head to restrict breathing as punishment, burning children with lighters, and forcing children to engage in physical combat against one another.  There were also allegations of sexual abuse.

[4] The father's rights were terminated to three children in 2003 and then two other children in 2014.

eight mental-health therapy sessions spread across the year leading up to the termination hearing. While the therapist testified the father has opened up about some of his history of domestic violence during sessions, the therapist explained it "definitely took some work" to get the father to open up, and getting the father to acknowledge the totality of his actions was still a work in progress. Cross-examination revealed the father has self-reported only limited details about his domestic violence to the therapist. And the therapist agreed he had no knowledge about the disturbing acts of child abuse the father has committed in the past. While the family-centered-services worker testified visits went well and she didn't have any concerns about the father, she also agreed she did not know any details about the father's history, the specifics of the case, or the father's progress with services.

The department formally recommended the initiation of termination proceedings in February 2023, given the father's ongoing "cycle of domestic violence and physical abuse." The State filed its petition in April, and a hearing was held over two days in July. As noted, the juvenile court terminated the father's rights under Iowa Code section 232.116(1)(d), (f), and (g).

Turning back to the father's challenge to the sufficiency of evidence supporting the grounds for termination, we may affirm termination "on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Focusing on section 232.116(1)(f), the father only challenges the State's establishment of the final element—that the child could not be returned to his custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

The father argues "[t]he State produced no current evidence to suggest that [the child] could not be returned to" his custody, since "[t]he State simply tried to rely on [his] history and thus the façade of the potential abuse the child might suffer if she were in [his] custody." To begin, the father never progressed beyond fully-supervised visits, and he offers no argument that he should have.[5] So it would defy logic to conclude that the child could be returned to his custody at the present time. *See, e.g.*, *In re S.L.*, No. 19-0107, 2019 WL 1055689, at *2 (Iowa Ct. App. Mar. 6, 2019) (finding failure to progress past fully-supervised visits supported termination); *In re M.C.*, No. 18-0875, 2018 WL 6418760, at *4 (Iowa Ct. App. Dec. 5, 2018) (same); *In re B.L.-F.*, No. 11-0558, 2011 WL 4953038, at *1 (Iowa Ct. App. Oct. 19, 2011) (same).

Even more problematic, the father's assaultive behavior has transcended time. While the father has gone through the motions with services aimed at domestic violence, the record shows he has not meaningfully addressed those issues and he has wholly failed to take accountability for his actions. *See In re P.C.*, No. 17-1848, 2018 WL 1433654, at *2 (Iowa Ct. App. Mar. 21, 2018) (concluding child could not be returned to parental custody where "father failed to participate 'in any services to meaningfully address domestic violence issues' and failed to take 'accountability for [his] behaviors.'" (alteration in original)). The father's refusal to "acknowledge and recognize" his history of domestic and child

---

[5] While he passively complains his supervised visits were not increased in frequency, he does not argue he should have progressed to anything beyond fully-supervised visitation.

abuse is evidence that no "meaningful change" has occurred. *See In re H.R.K*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1988).

We agree with the juvenile court that the child could not be returned to the father's custody at the time of the termination hearing. Consequently, we affirm the termination of the father's parental rights.

**AFFIRMED.**